UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRIA IVY MANCE | ) | CASE NO. |
| 20945 Stanford Ave. | ) | |
| Fairview Park, Ohio 44126 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| BOZZO LLC *d/b/a* | ) | |
| DMS Management Solutions | ) | |
| c/o Statutory Agent Chester L. Sumpter | ) | |
| 16927 Detroit Avenue - #4 | ) | |
| Lakewood, Ohio 44107 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| CORRIGAN, KRAUSE, HARRISON, | ) | |
| LONG, HARSAR, CPA'S LLC | ) | |
| c/o Statutory Agent Thomas W. Krause | ) | |
| 2055 Crocker Road, Suite 300 | ) | |
| Westlake, Ohio 44145 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Alexandria Ivy Mance, by and through counsel, for her Class and Collective

Action Complaint against Defendants Bozzo LLC *d/b/a* DMS Management Solutions

(hereinafter also referred to as "DMS"), and Corrigan Krause, Harrison, Long, Harsar, CPA's

LLC (hereinafter also referred to as "Corrigan Krause") (hereinafter also collectively referred to

as "Defendants"), states and alleges the following:

## INTRODUCTION

1.  Plaintiff brings this case to challenge the policies and practices of Defendants DMS and Corrigan Krause that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

2.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collectives").

3.  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

4.  In addition, the FLSA also makes it unlawful for an employer to retaliate, or discharge or discriminate, against an employee who seeks to enforce her rights under the FLSA. 29 U.S.C. § 215(a)(3). This case is also about Defendants' illegal retaliatory acts when Plaintiff complained about not being paid overtime as required by the FLSA and Ohio law.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 215.

6.  This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

7.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

8.      At all times relevant, Plaintiff Alexandria Ivy Mance was a citizen of the United States and a resident of Cuyahoga County, Ohio.

9.      Defendant Bozzo LLC *d/b/a* DMS Management Solutions is an Ohio for-profit limited liability company[1] with its principal place of business at 2055 Crocker Road, Suite 300, Westlake, OH 44145.[2] According to records maintained by the Ohio Secretary of State, Defendant Bozzo LLC's statutory agent for service of process is Chester L. Sumpter, 16927 Detroit Avenue - #4, Lakewood, Ohio 44107. Defendant Bozzo LLC has controlled the trade name "DMS Management Solutions" since on or about October 14, 2004.[3]

10.     Defendant Corrigan, Krause, Harrison, Long, Harsar, CPA's LLC is an Ohio for-profit limited liability company[4] with its principal place of business at 2055 Crocker Road, Suite 300, Westlake, OH 44145.[5] According to records maintained by the Ohio Secretary of State, Defendant Corrigan Krause's statutory agent for service of process is Thomas W. Krause, 2055 Crocker Road, Suite 300, Westlake, Ohio 44145.[6]

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/1372153 (last accessed August 26, 2021).
[2] https://www.dmsmgmtsolutions.com/contact/ (last accessed August 26, 2021).
[3] https://businesssearch.ohiosos.gov?=businessDetails/1495200 (last accessed August 26, 2021).
[4] https://businesssearch.ohiosos.gov?=businessDetails/1815540 (last accessed August 26, 2021).
[5] *See* https://corrigankrause.com/contact/ (last accessed August 26, 2021).
[6] https://businesssearch.ohiosos.gov?=businessDetails/1815540 (last accessed August 26, 2021).

## FACTUAL ALLEGATIONS

### Defendants' Business

11.     Corrigan Krause "is a mid-size CPA firm located in Westlake, Ohio, specializing in servicing closely-held businesses since 1989. Corrigan Krause provides various accounting, tax,… [and] HR consulting, peer review services, [and] bookkeeping"[7] services to its clients. DMS is a business that likewise provides "accounts payable, accounts receivable, banking/cash management, billing, budgeting/strategic planning, financial reporting, fiscal year end, HR/benefit administration, payroll, tax preparation, QuickBooks, bookkeeping, accounting, and tax planning"[8] services to its clients. Defendants' collective headquarters is at 2055 Crocker Road Suite 300, Westlake, Ohio 44145.

12.     Defendants utilize non-CPA accountants, bookkeepers and other workers with similar job titles and/or positions of Defendants ("bookkeepers") in furtherance of its business purpose.

### Defendants' Statuses as Employers

13.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111 and employed non-exempt employees, including Plaintiff and other members of the FLSA Collectives and Ohio Class.

14.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

---

[7] https://www.linkedin.com/company/corrigan-krause (last accessed August 26, 2021).
[8] https://www.linkedin.com/company/dms-management-solutions (last accessed August 26, 2021).

16.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17.     Defendants were each employers of Plaintiff and other members of the FLSA Collectives and Ohio Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Defendants' Statuses as a "Single Employer" and "Single Enterprise"

18.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the provision of financial, bookkeeping, accounting and related services in Northeast Ohio. Defendants were individually and jointly "employers" within the meaning of the FLSA and Ohio law.

19.     At all times relevant, Plaintiff and other members of the FLSA Collectives and Ohio Class were "employees" of Defendants.

20.     Defendants perform accounting/bookkeeping services for their clients.

21.     Defendants' headquarters of operation are at the same location and the same suite number – 2055 Crocker Road, Suite 300, Westlake, OH 44145.[9] [10]

22.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' accounting/bookkeeping business.

23.     Defendants share common management.

24.     Defendants provide the same or similar array of products and services.

---

[9] https://www.dmsmgmtsolutions.com/contact/ (last accessed August 26, 2021).
[10] https://corrigankrause.com/contact/ (last accessed August 26, 2021).

25.     Defendants share common ownership.

26.     Defendants share operational control over significant aspects of the day-to-day functions of Plaintiff and other members of the FLSA Collectives and Ohio Class, including supervising and controlling schedules and conditions of employment.

27.     Defendants share common human resources services between accounting/bookkeeping locations. For example, to the extent that Plaintiff was required to contact and/or interact with Human Resources, Plaintiff would contact and/or interact with the same Human Resources manager for Corrigan Krause / DMS.

28.     Likewise, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and other members of the FLSA Collectives and Ohio Class.

29.     Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and other members of the FLSA Collectives and Ohio Class.

30.     Defendants shared control and maintenance of employment records.

31.     Defendants have shared and mutually benefitted from the work and services performed by Plaintiff and other members of the FLSA Collectives and Ohio Class.

32.     Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and other members of the FLSA Collectives and Ohio Class.

33.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and other members of the FLSA Collectives and Ohio Class.

34.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

35.     Defendants provide the same services and products to customers by using a set formula when conducting business.

36.     Part of that set formula is the deprivation of overtime compensation to their employees as outlined in this Complaint.

### Plaintiff's, the FLSA Collectives', and Ohio Class's Non-Exempt Employment Statuses with Defendants

37.     Plaintiff Alexandria Ivy Mance was employed by Defendants from approximately March 2020 to February 2021 as a non-CPA staff accountant / bookkeeper. From the beginning of her employment to approximately October 2020, Defendants classified Plaintiff as an hourly employee, and paid Plaintiff at an hourly rate. From approximately October 2020 to February 2021, Defendants classified Plaintiff as a salaried employee, and paid Plaintiff an annual salary of approximately $43,000, which did not account for the overtime hours Plaintiff worked on a weekly basis.

38.     At all times relevant, Plaintiff and other members of the FLSA Collectives and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

39.      At all times relevant, Plaintiff and other members of the FLSA Collectives and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay for all Overtime Hours Worked to Plaintiff and other Members of the FLSA Regular Rate Collective as a Result of Defendants' Overtime Hours Shifting Practices or Policies

40.     The FLSA and Ohio law required Defendants to pay their non-exempt employees, including Plaintiff and other members of the FLSA Regular Rate Collective (as further defined below), overtime compensation at one and one-half times their "regular rate" for all hours

worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

41.     However, while Plaintiff and other members of the FLSA Regular Rate Collective were paid on an hourly basis, Defendants consistently failed to pay Plaintiff and other members of the FLSA Regular Rate Collective for all overtime hours worked at the correct overtime rate.

42.     Defendants' managers and/or supervisors regularly required Plaintiff and other members of the FLSA Regular Rate Collective to report and shift overtime hours worked to workweeks where no overtime hours were worked for payment purposes in order to reduce labor costs. *See* 29 C.F.R. § 785.11. As a result, Plaintiff and other members of the FLSA Regular Rate Collective were paid at a non-overtime straight-time regular rate for many of their overtime hours.

43.     As a result of Defendants' failure to pay all overtime hours worked at the proper overtime rate, Defendants did not accurately track and compensate overtime at the time and one-half rate required. Although Defendants suffered and permitted Plaintiff and other members of the FLSA Regular Rate Collective to work more than forty (40) hours in a single workweek, Defendants failed to pay Plaintiff and other members of the FLSA Regular Rate Collective overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in each workweek.

44.     Defendants did not pay overtime compensation to their employees at one and one-half times their employees' appropriate "regular rate" of pay for hours over forty (40) in each workweek. As a result, Plaintiff and other members of the FLSA Regular Rate Collective were not properly paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law, O.R.C. §§ 4111.01, *et seq.*

8

**Defendants' Misclassification of Plaintiff and Other Members**
**of the FLSA Misclassification Collective and Ohio Class as Salaried Workers**

45.     Defendants, in violation of the FLSA and Ohio law, classify many of their non-CPA accountants and bookkeepers as exempt, salaried workers. Through this misclassification, Defendants knowingly, willfully, and deliberately fail to compensate Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class overtime compensation at at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

46.     In fact, Plaintiff and Defendants' other non-CPA accountants and bookkeeper workers are non-exempt according to the standards applicable under the FLSA and Ohio law and are entitled to overtime compensation.

47.     The FLSA, 29 C.F.R. 541.301 specifically provides:

> To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction [the best prima facie evidence that an employee meets this requirement is possession of the appropriate academic degree][11]… **accounting clerks, bookkeepers and other employees who normally perform a great deal of routine work generally will not qualify as exempt professionals.**

*See also* Department of Labor Field Operations Handbook Chapter 22 § j02 (effective 01/19/2021);[12] Department of Labor's Occupational Index ("Bookkeeping Clerk - … [w]orkers who primarily perform clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work, such as that described are usually not exempt under the Regulations, Part 541.").

---

[11] Plaintiff Mance, by way of example, was not required to and did not have a college degree, nonetheless a college degree in an "advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction," for her position as a staff accountant with Defendants.

[12] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch22.pdf (last accessed August 26, 2021).

48.     During their employments with Defendants, Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class were required to work overtime, more than forty (40) hours per workweek, performing "primarily [] clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." *See* DOL Occupational Index, *supra*. However, through their unlawful "exempt salary" misclassification policy and practice, Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class at one and one-half times their "regular rate" of pay.

49.     As noted above, Defendants classified Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class as exempt salaried employees and paid Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class a biweekly salary that did not pay overtime compensation at one and one-half times their "regular rate" of pay.

50.     Moreover, although Defendants suffered and permitted Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class were not paid overtime for their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

51.     Defendants' failure to compensate Plaintiff and other members of the FLSA Misclassification Collective and Ohio Class for hours worked more than forty (40) hours per

week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## Defendants' Record Keeping Violations

52.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

53.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

## The Willfulness of Defendants' Violations

54.     Defendants knew that Plaintiff and other members of the FLSA Collectives and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

55.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

11

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

58.     Plaintiff brings this case on behalf of two FLSA collective groups of employees of Defendants: (1) the FLSA Regular Rate Collective, and (2) the FLSA Misclassification Collective (collectively referred to herein as the "FLSA Collectives").

59.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations as to the FLSA Regular Rate Collective consist of:

> All current and former hourly employees of Defendants from three years preceding the commencement of this action to the present who were (1) paid on an hourly basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek as a result of Defendants' policies and practices that required these employees to be paid overtime compensation as straight time.

60.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

61.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations as to the FLSA Misclassification Collective consist of:

All current and former non-CPA accountants, bookkeepers and other employees with similar job titles and/or positions of Defendants from three years preceding the commencement of this action to the present who were (1) paid on a salary basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.

62. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants that were misclassified as exempt employees, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek as a result of Defendants' misclassification policies and practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

63. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

64. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that each FLSA Collective consists of over 40 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

**CLASS ACTION ALLEGATIONS**

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

All current and former non-CPA accountants, bookkeepers and other employees with similar job titles and/or positions of Defendants from two years preceding the commencement of this action to the present who were (1) paid on a salary basis, and (2) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek.

67.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of 40 or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

68.     There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendants' conduct as described above violates Ohio law governing payment of overtime compensation;

Whether Defendants misclassified Plaintiff and other non-CPA accountants, bookkeepers and other workers with similar job titles and/or positions as exempt salaried employees;

Whether Defendants denied employees overtime compensation under Ohio law where, among other things, employees were not paid wages for their overtime hours worked; and

What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendants' violations of O.R.C. §§ 4111.03 and 4111.10.

69.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

70.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

71.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of the FLSA Collectives who may join this case pursuant to 29 U.S.C. § 216(b).

75.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

76.     Plaintiff and other members of the FLSA Collectives should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

77.     Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collectives at the rate of one and one-half times their regular rate for all of their overtime hours.

78.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

79.     As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collectives were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collectives to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of herself and other members of the FLSA Collectives and Ohio Class.

82.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

16

83. Defendants' failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

84. These violations of Ohio law injured Plaintiff and other members of the FLSA Collectives and Ohio Class in that they did not receive wages due to them pursuant to that statute.

85. Having injured Plaintiff and other members of the FLSA Collectives and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
### (Retaliation)

86. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87. The FLSA makes it unlawful for an employer to retaliate, or discharge or discriminate, against an employee who seeks to enforce her rights under the FLSA. *See* 29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for any person – ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding[.]").

88. On or about February 2, 2021 Plaintiff Mance complained to senior management of Defendants (General Manager at DMS and Human Resources Manager at Corrigan Krause) that Defendants did not pay overtime compensation as required by the FLSA. Specifically, Plaintiff Mance complained about Defendants' unlawful overtime policies in writing relating to (1) when Plaintiff was paid as an hourly employee, Defendants' hours shifting requirements,

17

practices and policies that resulted in Defendants paying overtime hours worked at her straight time regular rate in order to reduce the overtime compensation paid by Defendants, and (2) when Plaintiff was paid as a salaried employee, Defendants' misclassification of Plaintiff as a salaried, non-exempt employee resulting in her not receiving overtime compensation she was entitled.

89.     Plaintiff's complaint was a protected activity under 29 U.S.C. § 215(a)(3).

90.     In response to Plaintiff's complaint, Defendants terminated Plaintiff several days later on February 5, 2021.

91.     In response to Plaintiff's complaint, Defendants committed illegal retaliatory acts against Plaintiff. Defendants terminated Plaintiff in retaliation for Plaintiff complaining that she did not properly receive overtime pay under the FLSA.

92.     Defendants retaliated against Plaintiff Mance in order to harass and intimidate Plaintiff, and/or to otherwise interfere with Plaintiff's attempt to vindicate her rights under the FLSA and state law.

93.     There is a causal and temporal link between Defendants' retaliation of Plaintiff Mance and Plaintiff's complaints about not being paid overtime compensation.

94.     Defendants intentionally and willfully retaliated against Plaintiff, and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse action against Plaintiff. Defendants took these actions because Plaintiff engaged in a protected activity under the FLSA. Defendants knew or should have known that the alleged statements made by Plaintiff were valid, or they would not have immediately terminated her.

95.     Defendants' actions constitute retaliation in violation of 29 U.S.C. § 215(a)(3).

96.     Plaintiff has suffered damages including but not limited to harm to her reputation, emotional distress, back wages, liquidated damages, legal costs, attorneys' fees and delay as a result of Defendant's retaliation.

97.     Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, back wages, liquidated damages, reasonable attorneys' fees and costs, and punitive damages pursuant to 29 U.S.C. § 215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to each of the FLSA Collectives and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.      Award Plaintiff and other members of the FLSA Collectives and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

F.      Award Plaintiff Mance back wages, compensatory damages, liquidated damages, costs and attorneys' fees, and punitive damages as a result of Defendants' retaliation pursuant to 29 U.S.C. § 215(a)(3).

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)