UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALEXANDRIA IVY MANCE, | ) | CASE NO. 1:21-cv-01678 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE THOMAS M. |
| | ) | PARKER |
| v. | ) | |
| | ) | **JOINT MOTION FOR APPROVAL** |
| BOZZ LLC, etc., *et al.*, | ) | **OF FLSA SETTLEMENT AND** |
| | ) | **ENTRY OF ORDER OF DISMISSAL** |
| Defendants. | ) | **OF ALL CLAIMS WITH PREJUDICE** |
| | ) | |

The Parties, Plaintiff Alexandria Mance, Defendant Bozzo LLC dba DMS Management Solutions, and Defendant Corrigan, Krause, Harrison, Long, Hasar, CPA's, LLC, move this Court, pursuant to Rule 41 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216, for an Order approving the terms of the settlement that they reached with respect to the Fair Labor Standards Act ("FLSA") claims pending in the captioned matter, and for dismissal of this action with prejudice. In support of this Motion, the Parties state as follows:

1. This action involves various claims and allegations asserted by Plaintiff Alexandria Ivy Mance against Defendants Bozzo LLC dba DMS Management Solutions ("DMS") and Corrigan, Krause, Harrison, Long, Harsar, CPA's, LLC ("Corrigan Krause"). Plaintiff's affirmative claims are multi-faceted and include allegations based on violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Ohio Revised Code ("O.R.C.") §§ 4111.03 and 4111.10 et seq., the Ohio Constitution, Oh. Const. Art. I, §16, Ohio common law, O.R.C. § 2323.51, and O.R.C. § 4111.14, and for retaliation, for which she seeks monetary and equitable damages. Defendants deny any liability to Plaintiff.

2.	Early in the course of this matter, the Parties agreed to exchange wage and hour data, and to potentially resolve the case through mediation. Counsel for the Parties conferred and conducted thorough investigations of the underlying facts, including reviews of the relevant payroll records as well as researching the applicable law and potential defenses.

3.	After engaging in extensive negotiations over the course of many weeks, the Parties have reached a settlement of all claims, including the FLSA claims, in this lawsuit. For purposes of seeking Court approval of the resolution of a bone fide FLSA dispute, the Parties have allocated a portion of the settlement to the FLSA claims and have executed a Settlement Agreement and Release of Claims.  *See* Exhibit A, which is being filed under seal pursuant to the Court's order dated 06/27/22 (Doc. # 17).

4.	The Parties have been represented and assisted by their respective undersigned attorneys during this lawsuit and the negotiation of the settlement, and they have had the benefit of their attorneys' counsel and advice.

5.	The Settlement Agreement and Release does not constitute an admission by any party of the validity of any of the allegations, claims, or defenses made or presented in this lawsuit.  The Settlement Agreement and Release represents the compromise of disputed claims that the parties recognize would require litigation to determine.  The Parties also recognize that there are significant costs and risks to both sides in continuing with protracted litigation.

6.	The Settlement Agreement and Release was negotiated on behalf of all the parties, and the terms of the Agreement reflect a reasonable compromise of the parties'

disputes. The Settlement Agreement and Release fairly and reasonably compromises each party's interests, benefits, and rights, in accordance with the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), the oft-cited case holding that district courts should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties.

7. As a basis for the resolution, Plaintiff's unpaid overtime claims are premised largely on the allegation that she worked more than 40 hours per week and was not paid overtime because she was misclassified as an exempt employee.

8. Defendants deny any wrongdoing and maintain that Plaintiff was properly classified as an exempt employee.

9. The Parties have calculated Plaintiff's alleged FLSA based on the total hours she worked while an exempt employee, as set forth in the Settlement Agreement and Release and, thus, the amount attributed to Plaintiff's FLSA claim is fair and reasonable under the circumstances.

10. The attorneys' fees component of the Settlement Agreement and Release is likewise reasonable, given the status of the proceeding, the value of the services provided, and the benefit rendered to Plaintiff. It is likewise appropriate in amount and proportion (33%) to the FLSA allocation.

11. The Settlement Agreement and Release provides that the parties will request that this Court dismiss this action with prejudice, with each party to pay its own costs. A

proposed order for that purpose is attached hereto as Exhibit B.

WHEREFORE, the parties respectfully move this Court to approve the FLSA Settlement Agreement and Release and enter an Order reflecting its approval and dismissing all claims with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ *Ryan A. Winters* | /s/ *James O'Connor* |
| Joseph F. Scott (0029780) | James O'Connor (0063428) |
| Ryan A. Winters (0086917) | Jonathan H. Krol (0088102) |
| Kevin M. McDermott II (0090455) | Reminger Co., LPA |
| Scott & Winters Law Firm, LLC | 101 West Prospect Avenue, Suite 1400 |
| The Caxton Building | Cleveland, Ohio 44115 |
| 812 Huron Road, Suite 490 | (216) 687-1311 |
| Cleveland, Ohio 44115 | joconnor@reminger.com |
| (216) 912-2221 | jkrol@reminger.com |
| jscott@ohiowagelawyers.com | *Attorneys for Defendant Corrigan, Krause,* |
| rwinters@ohiowagelawyers.com | *Harrison, Long, Harsar, CPA's LLC* |
| kmcdermott@ohiowagelawyers.com | |
| *Attorneys for Plaintiff Alexandria Ivy Mance* | /s/ *John S. Kluznik* |
| | John S. Kluznik (0017473) |
| | Warren Rosman (0017510) |
| | Weston Hurd LLP |
| | 1300 East Ninth Street, Suite 1400 |
| | Cleveland, Ohio 44114 |
| | **(216) 241-6602** |
| | jkluznik@westonhurd.com |
| | wrosman@westonhurd.com |
| | *Attorney for Defendant Bozzo LLC dba* |
| | *DMS Management Solutions* |

4

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of July 2022, a true and correct copy of the foregoing Joint Motion for Approval of FLSA Settlement and Entry of Order of Dismissal of All Claims with Prejudice has been filed under seal. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                         */s/ James O'Connor*
                                                        James O'Connor (0063428)